UNITED STATES Federal District Court

FILED IN CLERKS OFFICE
2022 FEB 22 PM 2: 06
U.S. DISTRICT COURT
DISTRICT OF MASS.

Joseph DeLong,
    Appellant,

V.    (~~BPBE EOT,, EL~~)

Thomas Dickhaut, eT, AL.
    Appellee's:

Civil Action No:

Motion Requesting This Honorable Court To issue A Cease And Desist order Against Pondville Correctional Center Department of Correctional Official's, And All D.O.C. Official's, Not To contraband or throw away Appellant's Legal Document's, and related Legal material's. To hold These Legal Document's And related Legal material's in Long Term storage As Prior D.O.C. Facilities have been For Appellant in The care of The D.O.C. The last 23 year's. And To give Appellant DeLong These document's As he Needs Them To Continue To litigate And open This Docket back up That Court Appointed Attorney Charles Rankin closed To go back To state Court To exhaust State Remedies, And File A Rule 30, And To exhaust, To include All Document's pertaining To Federal Habeas Corpus DeLong V, Brady, As evidence used Against Appellant At Both State Trial's And Federal Petition's, As To include All related document's used at middlesex and suffolk state trials.

1) Appellant DeLong, was convicted in middlesex superior court Docket # 98-461-002, And was sentenced To A 15-20 year sentence in April, 1999.

PAGE TWO

2) Appellant, Joseph DeLong, states he was convicted in Suffolk Superior Court docket entry # 98-10284-001 and was sentenced to a 10-15 year sentence to be served on and after the Middlesex sentence on August 25, 1999.

3) Both sentences were aggregated to a 25-35 year sentence.

4) Appellant, Joseph DeLong, states that both Middlesex and Suffolk material's, documents, and proceeding's, were used at both trial's, to include witnesses from the Middlesex trial used at Suffolk trial.

5) Appellant, Joseph DeLong, does not have his legal documents and material's to properly title both Federal Habeas Corpus filed in this court on both Middlesex and Suffolk separately filed Federal Habeas Corpus due to all legal documents presently being held by Pondville Correctional Center Department of Correction's employees.

6) Appellant, Joseph DeLong, is faced with basically a ultimatum not receiving any of his property presently being held with his legal document's since being transferred to a paroled minimum facility on February 2, 2022.

7) Appellant, Joseph DeLong states his future based

PAGE Three

on this current request is in Jeopardy as to if Prison official's will allow him to remain at Pondville, and as to his Treatment at this Facility.

8) Appellant, DeLong, states prior to being Transferred To Pondville, all other Department of Corrections facilities held DeLong's, legal materials in Long Term Storage as he is serving a 25-35 year sentence.

9) Appellant, DeLong, states that RE: DeLong V. Dickhaut, Middlesex Filed Federal Habeas Corpus. The Federal Appellate Court Remanded this back to the Federal District Court. District Court appointed attorney Charles Rankin to represent Appellant, DeLong, under the Criminal Justice Act. Attorney Rankin, to date has not acted in DeLong's, Filing's.

10) Appellant, DeLong, states that attorney Rankin, closed his, this, Habeas Corpus, to go back to State Court to File a Rule 30, and would exhaust all remedies if his Rule 30 was denied on the state level, then reopen this Habeas Corpus and exhaust all on this level; to date DeLong, states attorney Rankin, has not acted on his behalf.

11) Appellant DeLong, states that he would have to proceed on his own, Pro Se, at some point if attorney

Rankin, does not act in his behalf.

12) Appellant DeLong, states that at both Middlesex and Suffolk proceeding's, both trial's at state court's, were used as evidence against him. And also were used in litigating both Federal Habea Corpus to date.

13) Appellant DeLong, states he needs all legal documents here in mentioned to further address this injustice that has happened to him as he intends to further pursue this litigation if and when paroled to the streets. DeLong was paroled on November 29, 2021, to a minimum as to being presently confined, then to a residential treatment center, both, for six months.

14) Appellant DeLong, has to date proclaims his innocence's, and states he is innocent and intends to further pursue this if and when released.

15) Appellant DeLong, also has a civil litigation now docketed in the Federal Appellate court docket# 21-1827, D.C. No. 1:17-cv-11783-PBS, DeLong v. Nelson, et. al, Pro-SE. DeLong, also needs some order preventing D.O.C. officials to hold all documents pertaining to these proceedings.

16) Appellant DeLong, states and request the court

PAGE FIVE

To issue a ceast and desist order against Pondville Correctional Officials, and all D.O.C. employee's, or order the Court Deems Appropiate, preventing these official's not to contraband or throw away Appellant Delong's Legal Document's and related Legal material's, to include Appellant's middlesex superior court's proceeding's up to Appellant's middlesex superior court trial, to include trial transcripts, Rule 30's, Appellate Brief's, F.A.R., File, Supplemental brief's, and any and all related document's pertaining to the middlesex proceeding's in Commonwealth V. Delong, Docket entry # 98-441-002, and related docket entries Appellant were issued for different proceeding's, to include the same request regarding Appellant's Suffolk Superior Court's convicting, and Sentencing, Docket entry # 98-10284-001, sentencing Appellant to a 10-15 year sentence consecitive the middlesex conviction. Both middlesex and suffolk Trial's evidence were used at both County Trial's, as to include both Federal Habeas Corpus Filed in this Court. Including witnesses. Both State Sentences were aggregated by the State to a 25-35 year sentence combined.

17) Appellant Delong states to include D.O.C. official's, and Pondville Correctional Center official's, to hold and store all document's and related material's as here-in mentioned in Long Term storage, as all D.O.C. facilities have been all through Appellant's last 23 year's served.

18) And to release these here in mentioned document's to

Page six

Appellant Delong that presently has not received any of the here in mentioned material's as Appellant Delong needs them to further litigate these proceeding's.

19.) Appellant Delong, has exhausted his request to the Pondville Correctional center's personell, and Superintendant, and to date has not received a response. (Refer to Exhibit #A enclosed.) Appellant personally spoke to the Superintendent on February 14, 2022.

20.) Appellant Delong, actively has a deadline to file a civil litigation appeal's brief, No. 21-1827, and to date cannot comply with this order because of the here-in-mentioned, that he has related to Pondville Correctional center's property C.O., and Superintendent, who he learned these material's have been delivered here day's after he was transferred to Pondville. That appellant filed a separate motion requesting the same to the appeals court, any legal documen's mailed to the street are not allowed back into facility.

WHEREFORE; Appellant Delong, Pray's this court will issue a ceast and desist order, or order the court finds appropiate to assure Appellant's request.

Respectfully submitted,                              Dated: 2/15/2022
Joseph Delong, Pro Se
Joseph Delong, W-64401, Pro Se
Pondville Correctional Center