UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10309-RGS

JOSEPH DeLONG

v.

THOMAS DICKHAUT

ORDER

February 24, 2022

Before the court are plaintiff Joseph DeLong's motions that seek to have this court, among other things, enjoin Department of Correction ("DOC") staff from discarding and/or destroying DeLong's legal documents, which have been in long-term DOC storage.  *See* Docket Nos. 1-2.  Although DeLong's motions do not contain a case number, each case caption references DeLong's 2010 habeas action.  *See* June 25, 2013 Order for Closure, Docket No. 57, *DeLong v. Dickhaut*, 10-10904-WGY (administratively closed  "without prejudice to either party moving to restore it to the docket.").   DeLong's motions were not filed in the closed 2010 case and the clerk assigned a new civil action number.

DeLong states that after serving 23 years in prison, he was recently paroled to minimum security and, on February 2, 2022, transferred to

Pondville Correctional Center.  DeLong explains that his legal documents have been held in long-term storage and that while at Pondville, he does not have access to long-term storage.  DeLong states that he needs access to his legal documents because he has a March 15, 2022 briefing deadline with the First Circuit Court of Appeals for the appeal filed in *DeLong v. Nelson, et al.*, C.A. No. 17-11783-PBS (on appeal).  DeLong complains that before filing this action, he requested copies of his documents and also spoke with the Pondville Superintendent on February 14, 2022.

Although DeLong's motions contain some factual allegations, a complaint is necessary to commence an action in this court.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  To the extent DeLong wishes to proceed, he shall (1) file a complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure, and (2) either pay the $402 filing and administrative fee or seek leave to proceed *in forma pauperis*.

Because plaintiff is a prisoner, any complaint is subject to screening pursuant to 28 U.S.C. § 1915A, which authorizes federal courts to dismiss a complaint if the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  Unlike other civil

litigants, prisoner plaintiffs such as DeLong are not entitled to a complete waiver of the filing fee, notwithstanding any grant of *in forma pauperis* status, and must make payments on a monthly basis until the filing fee is paid  *See* 28 U.S.C. § 1915(b)(1)-(2).

Based on the foregoing, it is hereby ORDERED

1. DeLong's motions requesting an order (Docket No. 1) and requesting the court to change plaintiff's address (Docket No. 2) are denied.

2. To the extent DeLong wishes to proceed, on or before March 31, 2022, he shall (1) file a complaint; and (2) either pay the $402 filing and administrative fee or file a motion for leave to proceed *in forma pauperis* with a copy of his prison account statement. Failure to comply with this order will result in dismissal of this action.

3. The clerk is directed to send to Delong a prisoner complaint form and an Application to Proceed in District Court Without Prepaying Fees or Costs.

4. Because DeLong wishes to provide an updated address for his 2010 habeas action, the clerk shall send a copy of this order to Charles W. Rankin, Rankin & Sultan, 151 Merrimac Street, Second Floor,

Boston, MA   02114-4717, the petitioner's counsel of record in *DeLong v. Dickhaut*, 10-10904-WGY.

                              SO ORDERED.

                              <u>/s/ Richard G. Stearns     </u>
                              UNITED STATES DISTRICT JUDGE